**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

JACKIE W. STONE                                                    PLAINTIFF

v.                                          CIVIL ACTION NO.  1:22-CV-P110-GNS

LAUREN HUNTER *et al*.                                          DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  The matter is before the

Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth

below, the Court will dismiss this action.

**I.**

Plaintiff Jackie W. Stone is incarcerated at the Larue County Detention Center (LCDC).

He names the following as Defendants in this action – Lauren Hunter, "Public Defender Attorney";

Daniel Cameron, Kentucky Attorney General; and Diane Ford-Benningfield, the mayor of the City

Campbellsville.  Plaintiff sues Defendants in both their official and individual capacities.

In the complaint, Plaintiff states as follows:

> I was appointed _____ [1] as a court appointed attorney when I told
> her Kenny Scott said I could use his aunt hauling trailor she told me she represents
> Kenny Scott but I still needed attorney so she represented me in court hearings
> which is conflict of so my due process and constitutional rights have been violated.
> It's unethical in every way she got me another court appointed lawyer but she still
> represented me and it did violate my due prosses and my constitutional rights.

---

[1] Plaintiff uses a blank space, and it is not clear why.

As to the other Defendants, Plaintiff writes, "Defendants that are named in this suit is chain of command and is responsible for any and all under their supervision of command and make them accountable as well as to insure that the above stated does not happen . . . ."

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to

2

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. Defendant Hunter

It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Thus, because she is not a state actor, the constitutional claims against Defendant Hunter must be dismissed for failure to state a claim upon which relief may be granted.

### B. Defendant Cameron

The Court next turns to Plaintiff's claims against Kentucky Attorney General Daniel Cameron. When state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). Thus, Plaintiff's official-capacity claim against Defendant Cameron must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from suit.

As to Plaintiff's individual-capacity claim against Defendant Cameron, even if he were Defendant Hunter's supervisor and/or otherwise responsible for her actions as Plaintiff alleges, Plaintiff's claim against him fails. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory

4

liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Thus, because the complaint contains no allegations that Defendant Cameron was actively involved in the alleged violation of Plaintiff's constitutional rights, and the claim against him is based solely on his "supervisory role" as Kentucky's Attorney General, Plaintiff's individual-capacity claim against him fails to state a claim upon which relief may be granted.

### C. Defendant Ford-Benningfield

Finally, the Court turns to Plaintiff's claims against Defendant Ford-Benningfield, who he indicates is the mayor of the City of Campbellsville. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S at 166 (quoting *Monell*, 436 U.S. at 691, n.55). Thus, any official-capacity claim against the Defendant Ford-Benningfield is against the City of Campbellsville. When a § 1983 claim is made against a municipality the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691. Here, Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by the City of Campbellsville. Thus, Plaintiff's official-capacity claim against Defendant Ford-Benningfield must be dismissed for failure to state a claim upon which relief may be granted.

As to Plaintiff's individual-capacity claim against Defendant Ford-Benningfield, it is clear that he seeks to hold her liable based upon his belief that she is a supervisor of Defendant Hunter. Even if this assumption were true, Plaintiff's claim would fail for the same reasons that his individual-capacity claim against Defendant Cameron fails – because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. The Court, therefore, will also dismiss this claim for failure to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:  October 5, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc:      Plaintiff, *pro se*
         Defendants
4416.011

6